UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**LILLIE MAE HIGGS**
      Plaintiff

**v.**                                               **No. 5:07CV-00108-J**

**MICHAEL ASTRUE**
      Commissioner of Social Security
      Defendant

MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Dennis Fentress. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 10 and 11, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on November 7, 2006, by administrative law judge (ALJ) Thomas Bryan. In support of his decision denying Title II benefits, Judge Bryan entered the following numbered findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2007.

2. The claimant has not engaged in substantial gainful activity since February 4, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.).

3. The claimant has the following severe impairments: bursitis of the right hip and osteoarthritis of the left knee (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work.  She can lift and carry 50 pounds occasionally and 25 pounds frequently.  She can sit, stand and walk (each activity) for six hours in an eight-hour day with normal breaks.  She should no more than occasionally climb ladders, ropes or scaffolds, and crawl.

6.  The claimant is capable of performing past relevant work as an audiologist technician. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7.  The claimant has not been under a "disability," as defined in the Social Security Act, from February 4, 2004 through the date of this decision (20 CFR 404.1520(f)).

(Administrative Record (AR), pp. 15-18).

**Governing Legal Standards**

1.  The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision.  42 U.S.C. § 405(g), sentence four.  In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision.  *Richardson v. Perales*, 402 U.S. 389 (1971).  Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981).  It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988).  In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992).  However:

2

> The substantial-evidence standard allows considerable latitude to administration decision makers.  It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that  was before the Commissioner on the date of the final decision.  When  the Appeals Council declines to review the ALJ's decision and render a new decision, the  ALJ's decision becomes the Commissioner's final decision.  *Cotton  v.  Secretary*, 2  F.3d  692 (6th Cir., 1993).

2.   To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3.  Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe."  A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that  are "necessary to do most  jobs"  such  as  walking,  standing,  sitting,  lifting,  seeing,  hearing,  and  speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's  ability   to work, irrespective  of  age,  education  and  work  experience"  is  "nonsevere."  *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985).  Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential

evaluation should proceed to Step #3.   In addition,  the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R.  §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number  of  jobs exist in the national economy  that  the claimant  can perform.  *Born v. Secretary*, 923 F.2d 1168 (6ᵗʰ Cir., 1990).  The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant.  *Varley v. Secretary*, 820 F.2d 777 (6ᵗʰ Cir., 1987).

## Discussion

This case was denied at the fourth step of the sequential evaluation process based upon a finding that the plaintiff retains the ability to perform her past relevant work as an audiologist technician at the Trover Clinic.  At step four, the burden of going forward with evidence of  non-disability  has  not  yet  shifted  to  the  Commissioner.   Hence,  testimony  from  a vocational expert (VE) in support of a finding that a claimant can perform her past relevant work

is optional but not required.  See *Key v. Commissioner*, 109 F.3d 270 (6th Cir., 1997).  No VE testified in the present case.

A claimant is deemed able to perform her past relevant work if she retains the ability to perform it either 1) as she actually performed it, or 2) as it is generally performed in the national economy.  See *Studaway v. Secretary*, 815 F.2d 1074, 1076 (6th Cir., 1987).  The requirements of jobs as they are generally performed in the national economy are described in the Dictionary of Occupational Titles (DOT).

In her Work History Report, the plaintiff described her past relevant work as follows (AR, pp. 126-127):

> I drove the Hearing Van to different job sites and did hearing tests.  I keyed the hearing tests into the computer; I processed reports and sent them to the companies; I billed the companies for the service; I called the companies and scheduled the appointments as well.  I called patients from the waiting area and did blood pressure, temps, medications, worked up worker's compensation injuries, I processed the paperwork to get the patient ready for the doctor; I did physicals as well.  I did a lot of paperwork for the hospital.

Judge Bryan found that the plaintiff retains the ability to perform her prior job as an audiologist technician as that job is generally performed in the national economy, and that the job is described in the DOT (DOT 076.101-010) ("audiologist") as "light," "skilled" work (AR, p. 18).

"Light" work contemplates, among other things, an ability to lift no more than twenty pounds at a time with frequent lifting/carrying of objects weighing up to ten pounds. 20 C.F.R. § 404.1567(b) and Social Security Ruling (SSR) 83-10.  In addition, "light" work generally requires standing/walking for six hours of an eight-hour workday.  Id.   The magistrate judge observes that these general requirements are consistent with the actual requirements of the plaintiff's past relevant work as she described it in her Work History Report, to-wit, walking

5

six hours a day, standing seven hours a day, and lifting ten pounds frequently, except that the plaintiff indicated that she occasionally lifted supplies weighing from two to forty pounds (AR, p. 127).

On February 4, 2004, the plaintiff experienced a work-related injury in which she fell out of the hearing van and suffered a contusion of the right hip and a sprained left ankle. The plaintiff was treated at Trover Clinic by orthopedic surgeon  Joseph  Mesa.  Dr. Mesa recommended conservative treatment, including physical therapy with ultrasound, heat, exercises, and aquatic therapy (AR,  p.  264).    The  plaintiff  also  was  treated  by  James  Simpson, M.D.    On February 16, 2004, Dr. Simpson released the plaintiff to return to work with no restrictions noted (AR, p. 295).  The ALJ acknowledged that the plaintiff continues to suffer from bursitis of the right hip and osteoarthritis of the left knee.  ALJ's Finding No. 3.

On January 20, 2006, Dr. Mesa completed the Medical Source Statement of Ability to Do Work-Related Activities (Physical).  Dr. Mesa completed the form in a manner that indicated the greatest degree of exertional limitations possible in all areas, finding that the plaintiff is incapable of lifting ten pounds occasionally, standing/walking two hours in an eight-hour workday, sitting six hours, or any pushing/pulling with the upper extremities.  Dr. Mesa left blank the portion of the form that asked him to identify "what medical/clinical findings support your conclusions" (AR, p. 243).

The plaintiff's first numbered contention is that "the treating orthopedic surgeon's opinion requires a finding of disability and the Commissioner failed to follow the required legal standards in the evaluation of the treating physician's opinion" (Docket Entry No. 10, p. 4).  The substance of the argument is that the ALJ was required to give controlling weight to Dr. Mesa's findings,

which would preclude all "light" work and, hence, would preclude her from performing her past relevant work as an audiologist technician, which was "light" as described by the DOT.

The plaintiff is correct that acceptance of Dr. Mesa's physical assessment form would preclude all "light" work. Indeed, Dr. Mesa's findings would preclude even "sedentary" work. However, a treating physician's medical opinion is entitled to controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(d)(2).

In his written decision, the ALJ declined to give controlling weight to the maximum exertional restrictions assigned by Dr. Mesa for the following reasons (AR, pp. 17-18):

1. "Little weight is given to the opinion of Dr. Mesa, as his opinion is inconsistent with the entire evidence of record. It should be noted that the claimant's treating physician, Dr. Simpson, found no documentation on the claimant's inability to perform substantial gainful activity." See Dr. Simpson's completion of the Adult Medical Report for Social Security or SSI Disability Benefits and Dr. Simpson's notation that the plaintiff is able to return to work, with no specific restrictions indicated, as of February 16, 2004 (AR, pp. 284 and 295); see also Dr. Mesa's own notation dated March 26, 2004, that "we will give the patient a return to work slip with no driving more than 25 miles, no stair climbing, and no lifting. Office work is okay" (AR p. 262).

2. "The opinion of Dr. Mesa is inconsistent with objective and clinical findings of record. His treatment records demonstrate some tenderness in the right hip [after the plaintiff's fall on February 4, 2004,] but full range of motion." See Dr. Mesa's notation dated January 20, 2006, in which he stated that "gait and stance are normal. Range of motion of both hips is full" (AR, p. 246).

3. "As for the opinion evidence, the undersigned adopts the opinion of non-examining State Agency physicians who found the claimant retains the capacity for medium work." See State Agency physician's completion of the Physical Residual Functional Capacity Assessment form at AR, pp. 231-240.

The magistrate judge concludes that the ALJ identified substantial reasons for declining to give controlling weight to Dr. Mesa's completion of the Medical Source Statement of Ability to Do Work-Related Activities (Physical) (AR, pp. 242-245). In addition to the foregoing specific reasons given by the ALJ, the magistrate judge observes that Dr. Mesa's findings are not supported by sufficient objective medical evidence to be entitled to controlling weight because Dr. Mesa declined to identify "what medical/clinical findings support your conclusions" (AR, p. 243). In her fact and law summary, the plaintiff refers to Dr. Mesa's treatment notations as supplying objective medical evidence in support of his completion of the form, including indications of bursitis of the right hip, osteoarthritis of the left knee and both ankles, spurring of the left foot, and spondylolysis at the L5-S1 level. However, the "mere diagnosis of arthritis, of course, says nothing about the severity of the condition." *Higgs v. Secretary*, 880 F.2d 860, 863 (6th Cir., 1988). The plaintiff has not shown that the mere existence of these diagnoses necessarily precludes all "light" work. Furthermore, Dr. Mesa's findings are inherently suspect because they are so extreme. In her fact and law summary, the plaintiff argues that she is unable to walk/stand due to impairments affecting the lower extremities. However, these impairments do not adequately explain Dr. Mesa's finding that the plaintiff is unable to utilize her upper extremities for lifting, carrying, pushing, pulling, and reaching and is unable to sit for any significant period of time.

8

Next, the plaintiff argues that the ALJ was required to recontact Dr. Mesa for clarification of his opinion, rather than simply rejecting it. The Commissioner's duty to recontact a medical source for clarification is triggered only "when the evidence we receive from your treating physician ... is inadequate for us to determine whether your are disabled." 20 C.F.R. § 404.1512(e). The ALJ was not required to recontact Dr. Mesa in this case because he had a substantial basis for finding that the plaintiff is not disabled.

The plaintiff second and final numbered contention is that "it was improper for the Administrative Law Judge to give greater weight to the opinion of the State Agency reviewing physician over that of the treating orthopedic physician" (Docket Entry No. 10, p. 16). The plaintiff cites *Shelman v. Secretary*, 821 F.2d 316 (6th Cir., 1987), for the proposition that the opinion of a non-examining physician is entitled to little weight if it is contrary to the opinion of a treating physician (i.e., Dr. Mesa). We have already concluded that Dr. Mesa's opinion was not entitled to controlling weight. Having properly rejected Dr. Mesa's opinion, the only remaining medical opinion in the record on the issue of what the plaintiff can still do despite her impairments was that of the state agency physician. The magistrate judge concludes that, under these circumstances, the ALJ did not err in accepting the opinion of the state agency physician.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

9

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a <u>de novo</u> review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).